```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


Mark Grant,                     :

        Plaintiffs,              :

     v.                          :      Case No.  2:10-cv-823

Target Corporation,              :      Magistrate Judge Kemp

        Defendant.               :
```

OPINION AND ORDER

This employment discrimination case is before the Court to consider plaintiff Mark Grant's motion for leave to amend his complaint.  The motion is fully briefed and ready to decide.  For the following reasons, the motion to amend will be denied without prejudice to its renewal if accompanied by a proposed amended complaint.

I.

Mr. Grant's original complaint named only Target Corporation as a defendant, and asserted a race discrimination claim.  The basis of the claim, according to a box which Mr. Grant checked on the form complaint he filed, was the violation of a federal statutory or constitutional right.  His motion to amend simply states that he wishes to name three individuals, Mark Nealon, Aaron Young, and Naomi Brooke, as additional defendants.  It does not state a specific basis for joining them.

In response, Target argues that the only claim to which those defendants might be joined is a federal Title VII claim (Mr. Grant did file a complaint of discrimination with the EEOC, although he did not attach a copy of it to his complaint), and, under prevailing law, individual defendants cannot be held liable under Title VII.  Even if the claim were based on some other law,

Target argues that the complaint does not contain enough facts to set forth any kind of legal claim against these individuals.  In particular, Target notes that Ms. Brooke (or Brook) is not even mentioned in the original complaint.

Mr. Grant filed a reply memorandum in which he claims that the three new defendants he wishes to name were all part of the process that led to the termination of his employment.  He asserts that none of them investigated his complaint about racial graffiti and makes specific allegations about Ms. Brook's failure to deal with his complaint.  He does not, however, identify any particular law he believes they may have violated (other than Title VII) or respond to Target's argument that individuals may not be sued under that statute.

II.

Fed.R.Civ.P. 15(a) requires the Court to grant leave to amend "freely" if "justice so requires."  Reasons for denying a motion for leave to amend include undue delay, prejudice to the opposing party, and futility of the amendment.  See generally Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994).  Target has not suggested that any delay in Mr. Grant's request to amend was excessive, or that it would be prejudiced in any way by the amendment.  The only basis for its opposition is futility, that is, that the amended complaint would not state a claim against any of the three individual defendants.  That is so, Target argues, because (1) none of these individuals can be sued under Title VII (only the actual employer of a plaintiff can be named in a Title VII complaint), and (2) the only allegations which Mr. Grant has made to this point are in the original complaint, and those allegations, in addition to their failure to refer at all to Ms. Brook, do not contain enough detail about how either Mr. Nealon or Mr. Young might have violated Mr. Grant's right to a workplace free from discrimination or retaliation.

III.

Target's first ground for opposing the amendment is clearly correct.  Under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§2000e *et seq.*, only employers may be held liable.  By definition, a manager or supervisor of a corporate employer is not also an "employer" and therefore cannot be sued under Title VII.  Wathen v. General Elec. Co., 115 F.3d 400 (6th Cir. 1997).  Consequently, if the original complaint were interpreted to state only a Title VII claim, and if the request to amend were limited to that claim, the Court would have to deny the motion on grounds of futility.

However, the Court is required to construe complaints filed by parties who are not represented by attorneys in a liberal fashion.  Haines v. Kerner, 404 U.S. 519 (1972).  That means, among other things, identifying "*some* viable legal theory" implicated by the facts which have been pleaded, even if the complaint itself does not do so.  See, e.g., Newsome v. Erwin, 137 F.Supp. 2d 934, 940 (S.D. Ohio 2000), citing Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).  The same evidence which would support a finding of liability under Title VII also supports such a finding under Ohio law.  Staunch v. Continental Airlines, Inc., 511 F.3d 625, 630 (6th Cir. 2008).  Thus, it is reasonable to construe the original complaint as having stated claims under both Title VII and Ohio law.

Unlike the case with Title VII, under Ohio law, individual managers and supervisors can be held jointly liable with a corporate employer for acts of discrimination.  Genaro v. Cent. Transport, Inc., 84 Ohio St. 3d 293 (1999); Satterfield v. Karnes, 736 F.Supp.2d 1138 (S.D. Ohio 2010) (Holschuh, J.).  However, co-workers, because they cannot meet the statutory definition of "employer" (which is, under the relevant statutory language, the "person" who can be held liable for employment

discrimination), cannot be liable under section 4112.02(A). Edwards v. Ohio Inst. of Cardiac Care, 170 Ohio App. 3d 619 (Montgomery Co. App. 2007).  Nonetheless, if any of the three proposed new defendants was a manager of supervisor, that defendant could, under some circumstances, be found liable to Mr. Grant under Ohio law.  Such a claim would be properly joined with a state law claim against Target.  See 28 U.S.C. §1367(a); White v. Copeland Corp., 2007 WL 2462666 (S.D. Ohio August 25, 2007). Therefore, a more thorough discussion is needed to determine if Mr. Grant can state a claim against any of these individuals under Ohio law.

IV.

Under Ohio Rev. Code §4112.02(A), the elements of a cause of action for employment discrimination against a manager or supervisor are essentially the same as those against the corporate employer, except that they presuppose the corporate employer's liability and require proof that the manager or supervisor participated in the acts for which the corporate employer has been held liable.  See, e.g., Fulst v. Thompson, 2009 WL 4153222 (S.D. Ohio Nov. 20, 2009).  Thus, if a complaint sufficiently states a claim for discrimination against a corporate employer and also alleges that certain managers or supervisors committed individual acts of discrimination against the plaintiff, the complaint would also state a cause of action against them.  It is, of course, true that such a complaint would have to comply with federal pleading standards as interpreted by the United States Supreme Court in the recent cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), which require that the complaint contain enough factual allegations (and not just legal conclusions) to make recovery against the defendants "plausible."

Here, Target rightly observes that the original complaint

makes no mention of Ms. Brook, so it does not satisfy this pleading standard.  It does mention the other two individuals, but part of the problem which the Court has in determining if any of them might plausibly be held liable to Mr. Grant is that he has not tendered a proposed amended complaint setting out his claims against them, and his original complaint was apparently not drafted with the specific purpose of pleading claims against any of them, individually, as opposed to claims against Target.  Many judges have a practice of requiring the proposed amended complaint to be attached to the motion asking for leave to amend.  See, e.g., Nuovo v. The Ohio State University, 2009 WL 2591687, *2 (S.D. Ohio August 20, 2009)(Abel, M.J.)("My practice is to consider a motion for leave to amend a pleading only when the proposed amended complaint is tendered with the motion").  As Judge Abel explains, this gives the opposing party fair notice of the proposed content of the amended complaint, and gives the Court the benefit of an adversary presentation of the issues.  Here, for example, because Mr. Grant neither submitted a proposed amended complaint nor made any arguments in his motion, the information about Ms. Brook's alleged involvement comes only in the reply memorandum, and Target has had no chance to respond on that issue.  Additionally, the Court does not know if Mr. Grant would include factual allegations against the other two new defendants in an amended complaint which are different from those in the original complaint, and so cannot tell if he could or could not plausibly claim that they were guilty of specific discriminatory actions.

   Following Judge Abel's lead in Nuovo, the Court will deny Mr. Grant's motion for leave to amend, but this denial will be without prejudice to the renewal of the motion as long as the new motion is accompanied by a proposed amended complaint.  If the purpose of the new complaint is to state claims against the

-5-

proposed new defendants individually, Mr. Grant should allege facts (not conclusions) about how each of them, acting in a supervisory or managerial capacity, discriminated or retaliated against him in connection with his past employment by Target.

V.

Based on the foregoing analysis, the motion for leave to file an amended complaint (#17) is denied without prejudice to its renewal, provided that any renewed motion is accompanied by the proposed amended complaint.

                                      /s/ Terence P. Kemp
                                    United States Magistrate Judge