```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Mark Grant,                          :

    Plaintiff,                   :

v.                                   : Case No. 2:10-cv-823

Target Corporation, et al.           : Magistrate Judge Kemp

    Defendants.                  :

                    OPINION AND ORDER

This matter is before the Court on the motion to alter or amend the judgment filed by plaintiff Mark Grant. Defendant Target Corporation has filed a response to the motion. Mr. Grant has not filed a reply and the time for doing so now has passed. For the following reasons, the motion (#100) will be denied.

    I.  <u>Background</u>

On February 13, 2013, the Court issued an Opinion and Order in this employment discrimination case granting summary judgment in favor of Target on all Mr. Grants' claims. Specifically, the Court held that Mr. Grant had failed to make a prima facie showing of race discrimination under Title VII because he had not presented any evidence that he was treated less favorably than similarly situated non-African American employees. Further, the Court held that Mr. Grant had not made a prima facie showing of retaliation under Title VII because he was unable to establish a causal connection between his reporting of racial graffiti and his termination eighteen months later. The Court also granted summary judgment in favor of Target on Mr. Grant's state law claims and granted Target's motion to dismiss the individual defendants under Federal Rule of Civil Procedure 12(b)(5). On March 13, 2013, Mr. Grant filed the current motion seeking to

alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

## II. Legal Standard

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment.  The purpose of a motion to alter or amend judgment is to "allow district courts to correct their own errors, 'sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'"  Israfil v. Woods, 2013 WL 209476, *1 (S.D. Ohio January 17, 2013), quoting Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008).  A court may grant a Rule 59(e) motion only if there was "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" ACLU of Ky. v. McCreary County, Ky., 607 F.3d 439, 450 (6th Cir. 2010), quoting Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005); see also GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).

It is not ordinarily the function of a Rule 59(e) motion either to renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.  Sault Ste. Marie Tribe of Indian Tribes v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).  If a party disagrees with the Court's decision on a legal issue, its "'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.'" Dana Corp. v. United States, 764 F.Supp. 482, 489 (N.D. Ohio 1991).  Although the Court can choose, in the interests of judicial economy, to rely on its earlier decision as the definitive resolution of the issues decided therein, it is also true that because the filing of a

timely Rule 59 motion suspends the finality of the judgment for purposes of appeal and thereby renders the decision interlocutory in nature, the Court can, if it deems appropriate, revisit any legal determination de novo and alter, amend, or even reverse the prior decision if justice so requires. Binkley Co. v. Eastern Tank, Inc., 831 F.2d 333, 336 n.4 (1st Cir. 1987); cf. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 n.5 (6th Cir. 1982).  It is with these standards in mind that the instant motion will be decided.

### III.  Analysis

In his motion, Mr. Grant asserts that he is entitled to relief under Rule 59(e) because "[j]udgment was entered in the case without all factual and discoverable information presented to this Court...."  See Motion (#100), p. 1.  He seems to limit his focus primarily to his retaliation claim.  For example, he emphasizes throughout his motion his belief that he was fired for his failure to complete a work assignment on January 24, 2009, specifically contrived by Target to provide a basis for his termination.  As he explains, after he reported the racial graffiti, each time he inquired about the status of Target's investigation, he suffered escalating unfair treatment including isolation, heavy freight work assignments without assistance, and the withholding of proper equipment.

More to his point that all of the necessary evidence was not before this Court, Mr. Grant states that several of his team members witnessed this alleged mistreatment but that Target disregarded his request for their contact information during discovery.  He contends that Target failed to provide documents, contact information, and interrogatory responses, and that this required him to file a motion to compel.  As he explains, "[w]ithout the contact information from the witness list provided to the Defendant it is impossible for Plaintiff to show causal

connection between reporting of racial graffiti and date of termination.  The team members on the witness list were eyewitnesses to the extreme unfair treatment Plaintiff had to endure because the treatment had distinctively changed after each inquiry about status of investigation." <u>See</u> Motion (#100), p. 3.

Further, Mr. Grant specifically points to Matt Brown as a witness "vital" to his case whose contact information Target did not provide. <u>See</u> Motion (#100), p. 3.  Mr. Grant also notes that, in connection with his appeal hearing following his termination, his witnesses, including Matt Brown, were removed from his witness list by Target employees without his consent.  Finally, Mr. Grant argues that he should have been provided, as part of the discovery process, the depositions of Eric Fitzpatrick and Paul Fox taken by Target.

In support of his motion, Mr. Grant has submitted an affidavit swearing to the motion's accuracy.  He also has submitted a copy of a letter dated June 11, 2009 directed to the Unemployment Compensation Review Commission addressing Target's failure to comply with his request for witness contact information.  Further, he has included a one-page, unsigned, undated, and unsworn document discussing a work assignment involving Matt Brown.

In response, Target asserts that Mr. Grant did not conduct any depositions and that he failed to attend the depositions of Eric Fitzpatrick and Paul Fox, two non-party witnesses from whom he had submitted affidavits in response to Target's first motion for summary judgment.  Further, it argues that Mr. Grant's motion to compel was denied by the Court and that Mr. Grant did not file any other motions to compel.

With specific reference to the Rule 59(e) standard, Target contends that Mr. Grant simply has reiterated the same arguments and has not presented any new evidence.  As Target sees it, Mr.

4

Grant had over two years to conduct discovery or file a proper motion to compel objecting to Target's discovery responses, but he did neither.  Target argues that Mr. Grant's position that he was not provided sufficient discovery is not grounds for altering or amending a judgment under Rule 59(e).  Finally, Target contends that, although Mr. Grant believes that Matt Brown would have been a critical witness, and offers his opinion as to what Mr. Brown knew about the underlying facts, he neither deposed him nor provided his affidavit.  Similarly, Target asserts that Mr. Grant did not depose any members of the Target management team such as Naomi Brook or Marty Atwell.

As noted above, Mr. Grant did not file a reply.

As the Court reads Mr. Grant's motion, he appears to be arguing that, because Target did not comply properly with his discovery requests, he was unable to present any evidence as to the causal connection between his reporting of racial graffiti and his termination, as required to support his retaliation claim.  Stated in terms of Rule 59(e), however, Mr. Grant is not citing to a clear error of law or an intervening change in the law.  Further, the Court does not construe Mr. Grant's motion as citing to newly discovered evidence.  Rather, Mr. Grant's argument seems simply to be that he had identified his necessary witnesses and Target failed to provide their contact information.  As explained below, this argument does not provide a basis for relief under Rule 59(e).

First, this specific argument about Target's discovery responses could have been raised prior to the Court's ruling on the summary judgment motion but was not.  Although Mr. Grant filed a motion to compel, the issue he raises now was not an issue he raised then.  The Court reviewed Mr. Grant's motion to compel and concluded the following:

The motion to compel addresses thirteen interrogatories

5

> and two requests for production.  In this motion, Mr. Grant restates the particular interrogatories and requests for production and sets forth his disagreement with the truthfulness of portions of Target's responses.  Mr. Grant provides no indication in his motion that he attempted to confer with counsel for Target prior to filing his motion to compel as required under Fed.R.Civ.P. 37(a)(1) and this Court's Local Civil Rules.  See Local Civil Rules 37.1 and 37.2.  Mr. Grant's status as a pro se litigant does not relieve him from adhering to these rules.  See McNeil v. U.S., 508 U.S. 106, 113 (1993).  Further, a motion to compel is not the correct way for Mr. Grant to argue about the factual accuracy of Target's responses.  Additionally, the Court notes that Mr. Grant did not request additional time to respond to the summary judgment motion based on the motion to compel.  He did suggest that some photographs, which he claims Target did not produce, would have helped him prove his case, but there are photographs of racial graffiti attached to Target's filings and the Court has assumed for purposes of this motion that Mr. Grant saw such graffiti and reported it.  The photos would not add anything to the record which is not already here.  For these reasons, the motion to compel will be denied as moot.

See Opinion and Order (#94), p. 17.

Further, even assuming Mr. Grant had attempted to address issues beyond the truthfulness of Target's responses in his motion to compel, none of the discovery requests at issue in the motion to compel were directed to contact information for specific witnesses.  The discovery requests and responses attached to the motion to compel contain the following request for production and response:

> 9.  Please produce the addresses and phones [sic] of all employees from the witness list provided that are currently employed or no longer employed at Target.
>
> **RESPONSE**: Objection.  Request No. 9 is improper under Fed.R.Civ.P. 34 and is more appropriate as an Interrogatory.  Defendant further objects because this request is vague and confusing as written as Defendant is unaware of the "witness list provided" to which the

6

> request refers.  Request No. 9 is also overbroad, harassing and unduly burdensome in that it seeks personal information about persons who are not parties to this lawsuit, as well as information that is not reasonably calculated ot lead to the discovery of admissible evidence.  Moreover, Defendant has already provided to Plaintiff the last known addresses for Kelly Garner, Andrea True, Lisa Maxwell and Ken Woodring.

However, Mr. Grant did not raise an issue with respect to this request for production in his motion to compel.  Rather, his motion to compel was directed only to document request numbers 1 and 10.  Additionally, as noted above, motion to compel aside, Mr. Grant did not contend, in response to the summary judgment motion, that he was unable to support his opposition properly because Target had not responded fully to his discovery requests.

Significantly, even in his current motion, aside from Matt Brown, Mr. Grant has not identified specifically the witnesses he intended to present but was unable to due to Target's alleged failure to provide contact information.  The Court notes Mr. Grant's repeated reference to a "witness list" and the statement in Target's discovery response that it was unaware of a "witness list provided."  The Court is uncertain as to the witness list to which Mr. Grant refers.  The letter attached to his current motion lists Matt Brown, Todd Durst, and Paul Fox as witnesses but there is no information from which the Court could conclude that, other than Matt Brown, these are the witnesses Mr. Grant refers to for purposes of this case.  Further, Mr. Grant submitted an affidavit from Paul Fox in response to the motion for summary judgment, indicating that he had Mr. Fox's contact information.  Additionally, Mr. Grant has not disputed Target's discovery response indicating that he was given contact information for several other Target employees.

Taking all of the above into account, even assuming, as Mr.

Grant contends, that Target was something less than forthcoming with all of the contact information he requested, it is fair to conclude that Mr. Grant has known the identities of his prospective witnesses since before this case was filed. Mr. Grant is not arguing to the contrary. As a result, it is not unreasonable to expect that he could have attempted to locate his witnesses on his own. However, he provides no information explaining his efforts do so. Further, he does not dispute Target's representation that he did not attend scheduled depositions of non-party witnesses nor does he argue that he conducted any depositions of his own. To the extent that Mr. Grant believes Target was obligated to provide him with copies of the depositions of Eric Fitzpatrick or Paul Fox, he is mistaken. See Fed.R.Civ.P. 30(f)(3).

For all of these reasons, the Court cannot conclude that Mr. Grant is entitled to the relief he seeks under Rule 59(e) with respect to his retaliation claim. Mr. Grant's belief that evidence from these witnesses would allow him to establish a prima facie case of retaliation simply is not enough to carry his burden under the circumstances presented here. To the extent that, beyond simply arguing the alleged failure to receive contact information, Mr. Grant continues to argue strongly the merits of this claim, he cannot use a Rule 59(e) motion to relitigate the issues already decided.

Finally, the Court notes that Mr. Grant makes brief mention in his motion that Matt Brown, a white male and trainer, replaced him following his termination. To the extent that this reference could be construed as a suggestion by Mr. Grant that he has made a prima facie showing of race discrimination, the Court cannot agree. Mr. Grant's assertion to this effect, without more, cannot provide the basis for any relief under Rule 59(e).

IV. Conclusion

For the reasons set forth above, the motion to alter or amend the judgment (#100) is denied.

                                          /s/ Terence P. Kemp
                                          United States Magistrate Judge